HARDY, Judge.
This case comes before us on appeal by the United States of America from a judgment sustaining an exception of no cause and no right of action and dismissing appellant’s third opposition.
By petition filed September 13, 1952 Guaranty Bank & Trust Company of Alexandria, Louisiana instituted suit against M. D. Barton seeking judgment in the principal sum of $2,000 on a promissory note executed by said defendant. By supplemental .and amended petition the plaintiff Bank prayed and was granted a writ of attachment under which the sheriff seized six motor buses, particularly described in the sheriff’s return, as property belonging to the defendant Barton. Judgment was rendered in favor of plaintiff on December 19, 1952, which judgment recognized plaintiff’s lien by virtue of the attachment and, subsequently, a writ of fieri facias issued under which the attached property was seized. There was no sale of the seized property and the record discloses that there were no further proceedings for the satisfaction of the judgment.
The United States of America on March 17, 1953 filed a petition of third opposition alleging the filing of three tax liens against the defendant, Murrell D. Barton, during July, September and October, 1952, in the total principal sum of $1,448.51. The government further alleged that one of said liens in the amount of $110.59 had been paid and satisfied in full and that the principal sum claimed under the remaining liens amounted to $1,337.92. The petition of third opposition represented that the Sheriff of Rapides Parish, Louisiana, was holding in his hands the sum of $1,448.51 out of the balance remaining from the seizure and sale of property belonging to Mur-rell D. Barton under a writ of fieri facias in suit No. 41,962, entitled The Vernon Bank against Murrell D. Barton, on the docket of the Ninth Judicial District Court in and for the Parish of Rapides, State of Louisiana, after satisfaction of the claim of The Vernon Bank, plaintiff in said suit. The government as third opponent prayed for the issuance of a rule to show cause directed against the Sheriff and the Guaranty Bank & Trust Company, plaintiff in this suit, and, after hearing, for judgment ordering payment to third opponent of the funds remaining in the custody of the sheriff up to the amount of third opponent’s claim for $1,337.92.
To the above petition of third opposition plaintiff and the respondent sheriff filed exceptions of no right or cause of action, which, after hearing, were maintained, and judgment was rendered rejecting third opponent’s demands.
Before this court counsel for plaintiff have filed a motion to dismiss the appeal on the ground that there is no matter at issue for determination by this court.
The exceptions to third opponent’s petition were based upon the contention that there was no sale of any property made in the instant suit; that there were no funds to be distributed, and, therefore, no dispute existed. It is obvious that these points are well taken and that there was no error in the ruling of the court from which appealed.
In argument and brief before this court counsel for the government contends that the issue presented is not procedural and urges that the holding of the district court was in reality a ruling on the merits of the case which had the effect of holding the government’s tax lien to be subordinate to *563 the attachment lien of plaintiff in suit. We find no merit in this contention, nor, indeed, can we conceive of any sound basis for such an argument. The action taken by the government in the instant case is an attempt to assert claim against a fund in the hands of the sheriff, remaining from the seizure and sale of property which was effected in an entirely different cause. We know of no authority for such procedure.
The motion to dismiss should 'be allowed and it is so ordered.